E. G. Hall v. The State.

No. 4351. Decided March 20, 1908.

**Local Option—Sufficiency of Evidence.**

Where upon trial for a violation of the local option law, the evidence clearly raised the issue that the defense, that a stranger sold the liquor to defendant, and the latter delivered it to prosecutor, was a mere pretext and pretense, and the State's case made out a sale by defendant, the verdict of conviction will not be disturbed.

Appeal from the County Court of Haskell. Tried below before the Hon. Joe Irby.

Appeal from a conviction of a violation of the local option law; penalty a fine of $60, and thirty days confinement in the county jail.

The opinion states the case.

*Jas. A. Stevens,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—Appellant in this case was charged by complaint and information with unlawfully selling intoxicating liquors in Haskell County, in violation of the local option law. The case was tried before the court without the intervention of a jury and resulted in a judgment

of guilty and the assessment of a fine of $60 and imprisonment in the county jail for a term of thirty days.

The only question raised is as to the sufficiency of the evidence to support the judgment of the court. It appears from the testimony of one Wayman Tucker that he was in the town of Haskell on the 4th day of October, 1907; that on that date one Fred Wankin gave him $1 and requested him to buy for him a bottle of whisky; that he went to the appellant and asked him if he had any whisky and told him that he wanted to buy a bottle of whisky; that appellant said to him that he did not have any whisky, himself, but thought he could get some. That this conversation occurred near the southwest corner of the public square in the town of Haskell and that both himself and the appellant then went together across the square to the Bon Ton restaurant on the east side of the square in said town; that appellant went out of his sight, got a bottle of whisky and set it on the table; that he (witness) took the bottle of whisky from the table, and that he gave the price of same in money to appellant who put it in his pocket, and that if he gave this money for the whisky to anybody else he did not see him do it; that when the parties went to the restaurant there was somebody else there, but he could not remember who it was; that appellant did not speak to the man whom he saw in the restaurant. The appellant testified in his own behalf, that witness Tucker did apply to him on the day named to buy a bottle of whisky, and he did reply to him that he had none himself, but thought he knew where he could get some, and that the parties did go to the Bon Ton restaurant, as stated by Tucker; that he had met a man who came in town that morning on the train who had a valise full of whisky; that this man was a stranger to him, but he thought he could buy the whisky from him; that he went to the back room in this restaurant, and waited a few minutes until this man came; that he gave him $1 in money, got the whisky, and that the stranger then carried the bottle of whisky and set it on the table, and that Tucker got it; that he did not put the whisky on the table himself and did not get any part of the money for the sale of the whisky. On cross-examination the appellant said he could not give the name of the man who had the whisky in the valise at the restaurant, had never seen him before that morning, and did not know any one else who knew him. There was some other testimony unimportant in its character, but this was the substance of the evidence. We think that the evidence clearly raised the issue that the presence and connection of the stranger was a mere pretext and pretense; that this man existed in fact only in the mind of appellant, and for the purpose of hiding the true character of the transaction. The case was tried before the court, who was in a far better situation than ourselves, to pass on the credibility of the witnesses and ascertain the true nature and character of the transaction. We do not feel authorized, therefore, to set aside the judgment of conviction on the ground that it is unsupported by any evidence. Holding this view, it must

follow that the judgment of the court below, should be and the same is hereby in all things affirmed.

*Affirmed.*

[Rehearing denied.—Reporter.]